1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10
11
12   MICHAEL VASILE, et al.,                    No.: 2:12-cv-02912-KJM-CKD

13                    Plaintiffs,

14            v.                                 ORDER

15   FLAGSHIP FINANCIAL GROUP, LLC,
     et al.,
16
                      Defendants.
17
18
19            This matter is before the court on the request to seal documents by defendant

20   Flagship Financial Group, LLC ("defendant" or "Flagship").  (Def.'s Notice of Req. Seal, ECF

21   69.)  As explained below, the court DENIES defendant's request.

22   I.       BACKGROUND

23            The claims in this case arise out of defendant's alleged wrongful termination of

24   plaintiffs for refusing to comply with defendant's allegedly unlawful requests.  (ECF 61 at 2.)  On

25   October 17, 2013, the court referred the case to the Voluntary Dispute Resolution Program (ECF

26   53), and on February 6, 2014, the parties filed a notice of settlement informing the court that the

27   case had settled (ECF 63).  However, after a disagreement arose between the parties about the

28
                                                  1

1    payment date, plaintiffs filed a motion to enforce or rescind settlement on April 10, 2014.  (ECF

2    66.)  That motion was followed by plaintiffs' Motion for Attorney Fees (ECF 67) and defendant's

3    Motion to Enforce Judgment (ECF 70).  The hearing on the motions is set on May 23, 2014.

4             Defendant now requests the court to seal "the [entire] file in the above-captioned

5    case," or, in the alternative, the following documents comprising more than 100 pages:

6    (1) plaintiffs' Notice of Motion and Motion to Enforce Settlement along with the attached

7    declaration (ECF 66); (2) plaintiffs' Notice of Motion and Motion for Attorney Fees and Costs,

8    (ECF 67); (3) defendants' Memorandum in Opposition to Plaintiffs' Motion to Enforce

9    Settlement (ECF 68); and (4) defendants' Notice of Motion and Counter Motion to Enforce

10   Settlement (ECF 70).  (ECF 69 at 1–2.)  Defendant argues sealing is warranted because

11   "throughout the documents, parties discuss, reference, and quote a confidential settlement

12   agreement in this matter."  (*Id.* at 2.)

13            Plaintiffs object to sealing the entire file because there are no grounds for the court

14   to grant the request; the request does not comply with Local Rule 141; and the request is to seal

15   documents that have already been filed.  (ECF 72 at 1.)  However, plaintiffs do not object to

16   sealing the documents "comprising the current motions."  (*Id.* at 2.)

17   II.     <u>STANDARD</u>

18            Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order

19   of the Court."  The request to seal "shall set forth the statutory or other authority for sealing, the

20   requested duration, the identity, by name or category, of persons to be permitted access to the

21   documents, and all other relevant information."  *Id.* 141(b).  "[A] party may submit an opposition

22   . . . within three days of the date of service . . . ."  *Id.* 141(c).  "The opposition shall not be filed

23   . . . ."  *Id.*

24             It is an established principle that there is a strong presumption in favor of public

25   access to court records.  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

26   However, "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*,

27   447 F.3d 1172, 1178 (9th Cir. 2006).  Depending on the type of motion, the court applies

28   different standards in resolving requests to seal.  *Id.* at 1180.  Here, the court need not identify the

1   applicable standard, because defendant has not met threshold requirements set forth in the Local

2   Rules.

3   III.      ANALYSIS

4           As noted above, defendant's argument in favor of sealing is that the settlement

5   agreement in question "was made confidential by the parties."  Defendant reasons that because

6   the parties intended "at the time of the agreement that the terms and content of the settlement

7   agreement remain confidential," the court should give effect to their mutual intent as a basic goal

8   of contract interpretation.  Therefore, defendants ask to seal the entire file or at least the above-

9   mentioned documents indefinitely.

10          The court declines to reach the merits of defendant's request because defendant

11  has not complied with the Local Rules in seeking a sealing order.  Neither have plaintiffs, in

12  responding, for that matter.  Defendant has not complied with the Local Rules because it has not

13  "set forth the statutory" authority for sealing. L.R. 141(b).  Defendant provides only one

14  authority for the general proposition that "[t]he fundamental goal of contract interpretation is to

15  give effect to the mutual intent of the parties as it existed at the time of contracting." (Def.'s Req.

16  Seal (citing *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014-15 (9th Cir. 2012)).)  The

17  case defendant cites to support the sealing request does not concern a request to seal and is

18  completely irrelevant to the court's inquiry whether sealing under the circumstances of this case

19  is warranted.  Accordingly, defendant has not met its burden in overcoming the strong

20  presumption in favor of public access to court documents, much less the entire file.

21          Therefore, the court DENIES defendant's request to seal.

22          The parties are cautioned that future failures to abide by the court's local rules

23  governing sealing may result in the issuance of an order to show cause why sanctions should not

24  be imposed.

25          IT IS SO ORDERED.

26  DATED:  May 14, 2014.

27

28
                                    _____
                                    UNITED STATES DISTRICT JUDGE