UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VASILE, et al., | No.  2:12-CV-02912-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| FLAGSHIP FINANCIAL GROUP, LLC, et al., | |
| Defendants. | |

On cross motions, plaintiffs Michael Vasile and Sally Ann Burt Kelsch and defendant Flagship Financial Group, LLC move to enforce a settlement agreement.  Pls.' Mot. Enforce Settlement ("Pls.' Mot.") at 1, ECF No. 66; Def.'s Mot. Enforce Settlement ("Def.'s Mot.") at 1, ECF No. 70.  Plaintiffs also move for attorneys' fees and costs.  Pls.' Mot. Att'y Fees & Costs at 1, ECF No. 67.  The court heard argument on May 23, 2014, with Anthony A. Gorman appearing for plaintiffs and Jere B. Reneer appearing *pro hac vice* for defendant.  Plaintiff Kelsch was present at counsel's table.

For the reasons below, the court GRANTS IN PART and DENIES IN PART both motions to enforce settlement.  Plaintiffs' motion for attorneys' fees and costs is DENIED.

/////

/////

1

I.        BACKGROUND

          Plaintiffs filed suit in November 2012, alleging several state and federal employment and whistleblowing claims.  Compl. ¶¶ 3–148, ECF No. 1.  After minimal motion practice, the parties successfully participated in the court's Voluntary Dispute Resolution Program and filed a notice of settlement.  Notice of Settlement at 1, ECF No. 63.  The court directed the parties to file dispositional documents by February 27, 2014.  Minute Order, ECF No. 64.

          On February 24, 2014, three days before the court-imposed deadline, plaintiffs informed the court that defendant was "already in breach of the settlement agreement" and that they therefore intended to file a motion to enforce settlement, including an award of attorneys' fees.  Pls.' Notice of Status at 2, ECF No. 65.  Plaintiffs then filed the instant motions. Defendant opposed, Def.'s Opp'n at 1, ECF No. 68, and simultaneously filed the instant countermotion, Def.'s Mot. at 1.  Both parties filed replies, Pls.' Reply at 1, ECF No. 77; Def.'s Reply at 1, ECF No. 76, with plaintiffs' reply also serving as their opposition.  Defendant did not separately brief the motion for fees.

II.       STANDARD

          "[A] district court has the equitable power to enforce summarily an agreement to settle a case pending before it."  *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted).  "[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract," *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989), and the "court's enforcement power include[s] authority to award damages . . . [or] specific performance," *T.N.T. Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).

          "[T]he district court may[, however,] enforce only *complete* settlement agreements."  *Callie*, 829 F.2d at 890 (emphasis in original) (citations omitted).  A complete agreement requires: (1) accord on all "*material terms*"; and (2) "the intent of the parties to bind themselves."  *Id.* at 891 (emphasis in original).  Intent is established "[i]f the record . . . show[s] that the [parties] had agreed to the settlement, or that the attorneys had authority to settle the

/////

2

suit and dismiss the action."  *See Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144 (9th Cir. 1977).

III.     ANALYSIS

A.  MOTIONS TO ENFORCE SETTLEMENT

Plaintiffs argue defendant materially breached the agreement by failing to pay the agreed-upon sum by March 20, 2014.[1]  Pls.' Mot. at 2.  At present, plaintiffs have received no payment, and they thus move the court to either enforce the settlement or rescind it and permit the case to go to trial.  *Id.* at 1.  Defendant responds that by failing to comply with the dismissal, non-disparagement and non-disclosure provisions, it was in fact plaintiffs who breached the agreement.  Def.'s Mot. at 5.  It moves the court for "[a]n order dismissing the case pursuant to the parties' Settlement Agreement" or "[a]n order granting Defendant . . . damages, liquidated damages, and attorney fees pursuant to the Agreement."  *Id.* at 2.

1.  Jurisdiction

The court may properly exercise jurisdiction over the instant motions to enforce settlement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011) (affirming district court's grant of motion to enforce settlement).  Although "[a] claim for breach of . . . a settlement agreement, even if part of the consideration was dismissal of a federal case, will not provide the basis for federal jurisdiction," this principle has no application where an action is already properly before the court and has not been dismissed.  *Glass v. Beer*, No. 1:04-cv-05466-OWW-SMS PC, 2011 WL 1528471, at *1 (E.D. Cal. Apr. 20, 2011) (citing *Kokkonen*, 511 U.S. at 377).  Here, the court's original jurisdiction has not been challenged, and the case has not been dismissed.  Thus, the court may properly address the motions under its ancillary jurisdiction.  *See Kokkonen*, 511 U.S. at 380–82.

/////

/////

---

[1] Accounting for the national holiday on February 17, 2014, March 20, 2014 was thirty business days after February 5, 2014, the date of execution.

The instant settlement agreement includes the following pertinent provisions:

1. [P]ayment [from defendant to plaintiffs] will be made within thirty (30) business days after the date on which the fully executed Agreement has been delivered to both parties (the "*Execution Date*").

. . . .

5. A party may obtain attorney fees for any breach of this Agreement . . . .

. . . .

7. Neither party will . . . , directly or indirectly, disclose the terms of this Agreement to any third person, except as necessary to effect its terms, [or] secure its enforcement . . . .

8. The parties shall not make or publish . . . any disparaging remarks or comments in any form about or concerning any other party either personally or professionally.

. . . .

10. The release, non-disclosure, and non-disparagement provisions . . . are material terms of this Agreement . . . .

11. The parties agree that it would be impracticable . . . to ascertain the . . . actual damages caused by material breach of the confidentiality and non-disparagement provisions . . . . Therefore, . . . in the event it is established by reasonable evidence that either Plaintiff has violated such provision, the breaching Plaintiff shall pay to [defendant] . . . a sum equal to [his or her] portion of the Settlement Amount . . . .

12. In the event of any dispute or litigation among the parties . . . with respect to this Agreement, the unsuccessful party to such dispute or litigation shall pay to the successful party all costs and expenses, including, without limitation, reasonable attorney fees, incurred therein by the successful party . . . . For purposes of this Agreement, the term "successful party" shall mean the party which achieves substantially the relief sought, whether by judgment, order, settlement, or otherwise.

. . . .

16. The parties agree to file with the federal court, within three (3) business days after the Execution Date, all appropriate papers necessary to seek and obtain dismissal with prejudice of the Pending Litigation, including all claims, counterclaims and pending motions.

Def.'s Mot., Ex. A ¶¶ 1–16 (emphasis in original), ECF No. 68-1.  The parties do not dispute

the validity of the contract formation or the parties' intent to be bound.  Pls.' Mot. at 8; Def.'s

4

Mot. at 5.  Rather, in moving for enforcement of the settlement agreement, both parties necessarily assert that a valid, enforceable contract was formed.  Thus, the court need only determine (1) whether the contract was materially breached, and if so, (2) by whom and (3) the appropriate remedy.

### 2. Contract Principles

California contract law governs the parties' dispute.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also* Def.'s Mot., Ex. A ¶ 18.  Under California law, "there is no contract until there has been a meeting of the minds on all material points."  *Am. Emp'rs. Grp., Inc. v. Emp't Dev. Dep't*, 154 Cal. App. 4th 836, 846 (2007) (emphasis and internal quotation marks omitted).  "Mutual intent is determinative of contract formation because there is no contract unless the parties thereto assent, and they must assent to the same thing, in the same sense."  *Id.* (internal quotation marks omitted); *accord* CAL. CIV. CODE §§ 1550, 1565, 1580.

In analyzing "[m]utual consent[, courts apply] . . . an objective standard . . . to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings."  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006) (internal quotation marks omitted).  "[I]f the parties attach materially different meanings to their manifestations and . . . (a) neither party knows or has reason to know the meaning attached by the other; or . . . (b) each . . . knows or . . . has reason to know the meaning attached by the other," "[t]here is no manifestation of mutual assent . . . ."  *Merced Cnty. Sheriff's Emps.' Ass'n v. Cnty. of Merced*, 188 Cal. App. 3d 662, 676 (1987) (internal quotation marks omitted).  "The basic principle governing material misunderstanding is thus: no contract is formed if neither party is at fault or if both parties are equally at fault."  *Id.*

If a contract is validly formed, "a breach [is] defined as an unjustified or unexcused failure to perform all or any part of what is promised in a contract."  *Sackett v. Spindler*, 248 Cal. App. 2d 220, 227 (1967).  However, "[t]he law sensibly recognizes that although every instance of noncompliance with a contract's terms constitutes a breach, not

5

every breach justifies treating the contract as terminated." *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.*, 195 Cal. App. 3d 1032, 1051 (1987).  "California courts allow termination only if the breach can be classified as 'material,' 'substantial,' or 'total.'" *Id.*  "[A] term may be 'material' in one of two ways: It may be a necessary term, without which there can be no contract; or, it may be an important term that affects the value of the bargain." *Facebook, Inc.*, 640 F.3d at 1037; *accord Sackett*, 248 Cal. App. 2d at 229.

Finally, "the modern trend of the law is to favor the enforcement of contracts, to lean against their unenforceability because of uncertainty, and to carry out the intentions of the parties if this can feasibly be done." *Denver D. Darling, Inc. v. Controlled Env'ts Constr., Inc.*, 89 Cal. App. 4th 1221, 1237 (2001) (alteration and internal quotation marks omitted).  "[I]f the parties have concluded a transaction in which it appears that they intend to make a contract, the court should not frustrate their intention if it is possible to reach a fair and just result, even though this requires . . . the filling of some gaps that the parties have left." *Id.* (internal quotation marks omitted).  "The usual and reasonable terms found in similar contracts can be looked to, . . . and custom and usage may be resorted to in an effort to supply a deficiency if it does not alter or vary the terms of the agreement." *Id.* (internal quotation marks omitted).

### 3. <u>Payment and Dismissal Provisions</u>

Plaintiffs correctly note that under paragraph 1 of the agreement, defendant was required to make payment "within thirty (30) business days after the date on which the fully executed Agreement has been delivered to both parties (the '*Execution Date*')."  Def.'s Mot., Ex. A ¶ 1.  As the date of execution was February 5, 2014, the payment period elapsed on March 20, 2014.  However, to date, defendant has not remitted payment.  Thus, defendant has not complied with the written terms of the agreement.

Nonetheless, defendant is correct in asserting that plaintiffs first failed to comply with the agreement as written.  Under paragraph 16 of the agreement, both parties were required "to file . . . , within three (3) business days after the Execution Date, all appropriate papers necessary to seek and obtain dismissal with prejudice of the Pending Litigation . . . ."  Def.'s Mot., Ex. A ¶ 16.  When defendant sent plaintiffs a signed stipulation of dismissal on

6

February 27, 2014, plaintiffs refused to countersign, despite the fact that more than three days had elapsed since the February 5th execution date.  *Id.,* Ex. C.  Still awaiting payment, plaintiffs continue to refuse to dismiss the action.

Notwithstanding the parties' respective omissions, the court finds no breach to have occurred.  When queried at argument why neither party had filed the proper paperwork within the allotted time, plaintiffs' counsel stated he mistakenly thought the parties had agreed to sign the necessary documents within thirty days, the same period in which defendant was to pay the lump sum.  Defendant's counsel similarly conceded that he had not reviewed the dismissal provision closely and was initially unaware of the three-day deadline.  Accordingly, the court understands the defense to concede the dismissal provision should provide for thirty days to properly reflect the parties' agreement.  *See Denver D. Darling, Inc.*, 89 Cal. App. 4th at 1237.  The parties should thus simultaneously remit payment and dismiss the suit.

Even if the parties had attached "materially different meanings [of a contractual term] to their manifestations and . . . neither party kn[ew] . . . the meaning attached by the other," *Merced Cnty. Sheriff's Emps.' Ass'n*, 188 Cal. App. 3d at 676, the term would not, for lack of a meeting of the minds, form part of the agreement.  *Id.*; *accord* CAL. CIV. CODE §§ 1550, 1565, 1580.  Where, as here, there is no provision that time is of the essence, such an omission does not prevent formation of a contract because the term is nonmaterial.  *Denver D. Darling, Inc.*, 89 Cal. App. 4th at 1237; *Gold Mining & Water Co. v. Swinerton*, 23 Cal. 2d 19, 27 (1943) ("[W]hen time is made of the essence of a contract, a failure to perform within the time specified is a material breach of the contract."); *cf. Superior Motels, Inc.*, 195 Cal. App. 3d at 1051.

### 4.  Nondisclosure and Nondisparagement Provisions

Defendant also asserts that plaintiffs breached the nondisclosure and nondisparagement clauses of the agreement.  The court finds, however, that plaintiffs disclosed terms of the agreement only "as necessary to effect its terms, [or] secure its enforcement . . . ." Def.'s Mot., Ex. A ¶ 7.  Plaintiffs' purported disclosure stated that a sum was to be paid before a certain date, Notice of Status at 2, but this information was necessary to explain to the court

7

1    why the parties had failed to file dispositional documents as directed.  Indeed, it is defendant

2    who filed the complete settlement agreement on the docket.  Def.'s Mot., Ex. A.  Plaintiffs did

3    not disclose extraneous information; therefore, there was no breach in this respect.

4                    Similarly, the court finds plaintiffs did not breach the nondisparagement clause.

5    California courts have observed that "[t]he term 'disparage' is itself somewhat ambiguous,"

6    *Vivian v. Labrucherie*, 214 Cal. App. 4th 267, 277 (2013), but have "defined it variously as 'to

7    lower in rank or reputation,' 'to depreciate by indirect means (as invidious comparison): speak

8    slightingly about', [sic] 'treat or speak of with disrespect: belittle', [sic] and 'bring discredit

9    upon,'" *id.*, 214 Cal. App. 4th at 277 (citations omitted).  Even if a statement is disparaging, it

10   may be protected under California's litigation privilege.  *Id.* at 276–77.

11                   "California's litigation privilege applies to communications: '(1) made in

12   judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law;

13   (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation

14   to the action.'"  *Avid Life Media v. Infostream Grp., Inc.*, No. CV 12-09201 DDP (AJWx),

15   2013 WL 6002167, at *5 (C.D. Cal. Nov. 12, 2013) (quoting *Wentland v. Wass*, 126 Cal. App.

16   4th 1484, 1490 (2005)).  "'[W]hether the litigation privilege applies to an action for breach of

17   contract turns on whether its application furthers the policies underlying the privilege.'"  *Id.*

18   (quoting *Wentland*, 126 Cal. App. 4th at 1492).  "These policies include the promotion of full

19   and truthful testimony, zealous advocacy, free access to the courts, and the finality of

20   judgments."  *Id.* (citing *Wentland*, 126 Cal. App. 4th at 1492).

21                   Here, plaintiffs' notice informed the court that "another action ha[d] been filed

22   against Defendant . . . [in this district] for very similar unlawful acts[,] including . . . fraud and

23   breach of fiduciary duty, as alleged in the instant Plaintiffs' pleadings . . . ."  Notice of Status at

24   2.  The court finds this to be an objective statement of fact rather than a disparaging statement.

25   *Cf. City of Costa Mesa v. D'Alessio Investments, L.L.C.*, 214 Cal. App. 4th 358, 378 (2013)

26   ("'[T]he plaintiff seeking damages for [product disparagement] . . . must carry the burden of

27   proving that the disparaging statement is false.'" (quoting *Guess, Inc. v. Superior Court*, 176

28   Cal. App. 3d 473, 479 (1986)).

However, even assuming an objective statement of fact may be construed as disparaging, the court does not find the contested language to violate the nondisparagement clause.  Rather, even as plaintiffs' counsel conceded reference to the other case was unwise, the statement is protected under the litigation privilege.  *See Wentland*, 126 Cal. App. 4th at 1490. Similar to the statement that allegedly violated the nondisclosure clause, this statement was made to explain imminent noncompliance with the deadline for dispositional documents. Additionally, it was made by plaintiffs in the course of the instant litigation.  Thus, it meets each of the *Wentland* elements.  *Id.*

Further, the court finds the statements to comport with "the policies underlying the privilege." *Id.* at 1492.  First, because the court requires parties to divulge information concerning potentially related matters, *see* Local Rule 123(b), protecting such a statement encourages "full and truthful testimony" before the court, *Wentland*, 126 Cal. App. 4th at 1492. Additionally, in light of what would otherwise be unexplained noncompliance with a court order, the statement was made to protect the clients' best interests.  Privileging the statement thus also promotes zealous advocacy.

### 5.  Enforceability

In sum, although a contract was validly formed, no breach occurred.  Thus, neither party is entitled to damages.  Instead, the court finds the proper remedy to be the exercise of its equitable power to enforce the settlement agreement as against both parties. *Callie*, 829 F.2d at 890 (citations omitted).  Enforcement is consistent with California's "strong policy in favor of enforcing settlement agreements." *U.S. EEOC v. Hosp. Housekeeping Sys. of Houston, Inc.*, No. 1:11-cv-1658-LJO-SAB, 2013 WL 5817726, at *3 (E.D. Cal. Oct. 29, 2013) (citing *Osumi v. Sutton*, 151 Cal. App. 4th 1355, 1357 (2007)).

### B.  MOTION FOR ATTORNEYS' FEES & COSTS

As the court finds no breach to have occurred, attorneys' fees and costs are denied as to both parties.  Def.'s Mot., Ex. A ¶¶ 5, 12.

/////
/////

9

IV.     CONCLUSION

        As set forth above, the court GRANTS IN PART and DENIES IN PART the motions to enforce settlement.  Plaintiff is directed to file dispositional documents dismissing the case with prejudice within seven days of the filing of this order and defendant is ordered to remit payment pursuant to the terms of the settlement agreement, also within seven days.  The motions to enforce are also granted insofar as the parties are ordered to comply with the other provisions of the agreement that are consistent with this order.  The motions are denied insofar as they seek relief inconsistent with this order.

        Attorneys' fees and costs are DENIED as to both parties.

        Failure to comply with this order may result in an order to show cause issued to the noncompliant party.

        IT IS SO ORDERED.

DATED: June 12, 2014.

_____
UNITED STATES DISTRICT JUDGE